**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CRITERION BROCK, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-1877 |
| | § | |
| ABELARDO AGUIRRE, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER**

Plaintiff seeks leave to file a second amended complaint for the sole purpose of providing its proper corporate name. Dkt. 13. Although the motion is opposed, the court will not await a response from the defendants.

A presumption in favor of amendment underlies the rule governing amendments and affords the court broad discretion in granting leave to amend. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 386 (5th Cir. 2003). A motion for leave to amend should not be denied unless there is undue delay, bad faith, or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; or undue prejudice to the opposing party. *Id*. The proposed amendment in this case is being offered mere days after the litigation was commenced. Further, a review of the original complaint leaves no doubt about the entity that seeks to enforce its rights–it is the entity that formerly employed defendants Aguirre, Miller and Ellis. The court cannot conceive how defendants could possibly suffer prejudice from what is, in effect, a simple correction to plaintiff's corporate name.

Plaintiff's motion for leave to file a second amended complaint (Dkt. 13) is GRANTED.

Plaintiff shall file its second amended complaint FORTHWITH.

It is further ORDERED that defendants shall respond to the temporary restraining order filed along with the second amended complaint on or before June 10, 2011.

Signed at Houston, Texas on June 3, 2011.

 

 

_____

Gray H. Miller
United States District Judge